UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **LIONEL RICHARDSON,**  *Plaintiff*,  v.  **M/V STAR LEADER**, her engines, machinery, tackle, apparel, etc., *in rem*; **and GRACE OCEAN, PTE. LTD.,**  *Defendants*. | CIVIL ACTION NO. _____  RULE 9(H) ADMIRALTY |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Lionel Richardson and respectfully submits his Original Complaint for damages, complaining of the acts or omissions of Grace Ocean, and respectfully shows the Court as follows:

### INTRODUCTION

1. This case arises out of the severe injuries to Plaintiff Lionel Richardson that resulted from Grace Ocean's negligent operation of the cargo vessel, the M/V STAR LEADER.

### PARTIES

2. Plaintiff Lionel Richardson is an individual who resides in Galveston, Texas and who may be reached through his counsel of record, ZEHL & ASSOCIATES, P.C.

3. Upon information and belief, at all times hereinafter mentioned, Defendant M/V STAR LEADER was and is an oceangoing reefer vessel built in 2010, flagged in

Singapore, has the call sign 9V9350, and engages in the common and/or private carriage of goods by water for hire between various foreign and domestic ports, and upon further information and belief, she is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

4. Upon information and belief, at all times hereinafter mentioned, Defendant **Grace Ocean, PTE. LTD.** (hereinafter "Grace Ocean") were and still are business entities duly organized and existing under the law, with the addresses set forth in the caption, and were the owners, and/or disponent owners, and/or charterers, and/or managers, and/or operators of the vessel and were engaged in the common and/or private carriage of merchandise by water for hire.

5. Counsel for Grace Ocean has agreed to accept service on Grace Ocean's behalf.

6. This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred to, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain in this action.

## JURISDICTION AND VENUE

7. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1333, as Plaintiff's claims sound in admiralty.

8. This Court has personal jurisdiction over Grace Ocean as Plaintiff's injuries arise out of or relate to Grace Ocean's contacts with Texas.

9. Venue is proper, as the parties have agreed to litigate this matter in this District Court.

## FACTS

10. On or about May 27, 2019, Plaintiff, while working in the course and scope of his employment, was injured when an M/V STAR LEADER crewmember prematurely opened Hatch 2 on the "A" Deck, while Plaintiff and other stevedores were onboard. Plaintiff fell into the open hatch and suffered severe injuries for which he now seeks redress.

## RESPONDEAT SUPERIOR

11. Plaintiff incorporates all other paragraphs by reference here fully.

12. Whenever in this Complaint it is alleged that Grace Ocean did or failed to do any particular act and/or omission, it is meant that Grace Ocean, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Grace Ocean, and in furtherance of Grace Ocean's business. Pursuant to Texas Rules of Civil Procedure 28, any entity doing business under an assumed name may be sued in its assumed name for the purpose of enforcing against it a substantive right.

13. Therefore, under the doctrine of respondeat superior, Grace Ocean is vicariously liable for the acts and omissions of its agents, officers, directors, servants, and employees in the course and scope of their employment, further outlined elsewhere in this Complaint and incorporated by reference here fully.

## NEGLIGENCE OF GRACE OCEAN

14. Plaintiff incorporates all other paragraphs by reference here fully.

15. Plaintiff would show that Grace Ocean had ownership and/or control over the M/V STAR LEADER and activity in question and thus had a duty to exercise the degree of care that a reasonably careful company would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by Grace Ocean's negligent, careless, and reckless disregard of this duty.

17. The negligent, careless, and reckless disregard and breach of this duty consisted of, but is not limited to, the following acts and omissions:

- A. Failing to perform operations in a safe, reasonable, and prudent manner as a reasonable person would have under the same or similar circumstances;

- B. Failing operate the vessel's hatches and other equipment in accordance with applicable policies, procedures, guidelines, and standards for safe casing operations;

- C. Failing to adequately warn of or make safe dangers or conditions of which Defendant had knew of or should have known;

- D. Rushing operations in a manner that caused its employees to perform operations in an unsafe manner and injure Plaintiff;

- E. Failing to properly train, supervise, monitor, and retain employees;

- F. Failing to implement, follow and enforce policies, procedures, guidelines, and standards for safe operations;

- G. Failing to conduct and review the company's job safety analysis in accordance with this its policies and procedures;

- H. Failing to keep a proper lookout for Plaintiff;

  I.  Failing to follow safety training and directives provided;

  J.  Injuring Plaintiff by an ongoing dangerous activity that was created by its employees, agents and/or on-site representatives;

  K.  Failing to use ordinary care as a reasonable person would under the same or similar circumstances;

  L.  Failing to maintain and provide proper, safe equipment for safe operation of hatches;

  M.  Failing to maintain and provide a functioning communications system that permitted safe, effective communications between and among their employees and the crew;

  N.  Creating a dangerous situation through their negligent operation of the vessel's hatches to prevent injury to others;

  O.  Negligently operating the vessel's hatches in a manner that caused injury Plaintiff;

  P.  Performing operations while distracted; and

  Q.  Such additional acts of negligence, which will be established as the case progresses.

## DAMAGES

18. As a direct and proximate result of the accident and negligence described above, Plaintiff sustained the following injuries and damages:

  A.  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

  B.  Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

  C.  Physical pain and suffering in the past;

    D.    Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Mental anguish in the past;

    H.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    I.    Loss of earnings and/or earning capacity in the past;

    J.    Loss of earning capacity, which, in all probability, will be incurred in the future;

    K.    Disfigurement in the past and future;

    L.    Cost of medical monitoring and prevention in the future;

    M.    Exemplary damages and costs of court; and

    N.    All other damages to which Plaintiff may be justly entitled and that may be shown through discovery and trial of this case.

## JURY TRIAL REQUESTED

19.    Plaintiff hereby requests a jury trial of this matter and has paid the appropriate jury fee.

## CONCLUSION & PRAYER

Also, on the basis of the foregoing, the Plaintiff requests that a jury be selected to hear this case and render a verdict for the Plaintiff, and against the Defendant, and that it awards damages to the Plaintiff in an amount which adequately reflects the enormity of the Defendant's wrongs, and which will effectively prevent other similarly caused acts.

Further, the Plaintiff requests that the Court enter judgment consistent with the jury's verdict and prays for any other damages and equitable relief the Court or jury deems appropriate under the circumstances.

Respectfully submitted,

/s/ *Matthew Greenberg*

Matthew O. Greenberg – Attorney in Charge
Texas State Bar No. 24090136
mgreenberg@zehllaw.com
Ryan Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone: (713) 491-6064
Facsimile: (713) 583-8545

**ATTORNEYS FOR PLAINTIFF**